OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA CRUZ,<br>Movant, | § § § § | |
| v. | § | Civil Action No. B-13-216 |
| | § § | |
| UNITED STATES OF AMERICA,<br>Respondent. | § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Christina Cruz's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (hereinafter, Cruz's "2255 Motion"). Dkt. No. 1. Respondent, United States of America (hereinafter, "the Government"), has filed a "Motion for Summary Judgment and to Dismiss Movant's Motion Under 28 U.S.C. § 2255 as Untimely" (hereinafter, the "Government's Motion"). Dkt. No. 10. For the reasons provided below, the undersigned recommends that the Court grant the Government's Motion and dismiss Cruz's 2255 Motion as time-barred pursuant to 28 U.S.C. § 2255(f).

## Jurisdiction

Cruz is challenging the judgment of conviction and/or sentence entered by this District Court on December 18, 2007. *See United States of America v. Christina Cruz*, 1:07-cr-233-1, Dkt. No. 54.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1331

---

[1] Hereinafter, Cruz's criminal case docket entries will be referred to as "CRDE [docket number]".

and § 2255.

## Background

On June 15, 2007, Cruz pleaded guilty in this District Court to "Possession with Intent to Distribute a Quantity Exceeding Five (5) Kilograms, that is Approximately 7.8 Kilograms of Cocaine," in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and 18 U.S.C. § 2. *See* CRDE 54 at 1. On November 14, 2007, United States District Judge Hilda Tagle sentenced Cruz to (1) 140 months of imprisonment; (2) five years of supervised release; and (3) a special assessment of $100.00. *Id.* at 1-4. Judgment was entered on December 18, 2007. *Id.* at 1. Cruz did not file a direct appeal.

Instead, on or about November 1, 2013, Cruz filed her instant 2255 Motion. *Id.* at 13.[2] Cruz's Motion states that she is entitled to relief pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). She states that *Alleyne* and other applicable authority dictate that defendants are entitled to jury findings on facts which increase their sentences beyond the mandatory minimum. Dkt. No. 1 at 2-3. Although her 2255 Motion is somewhat unclear and contains less than a page of argument addressing the actual facts of her case, Cruz appears to be arguing that her sentence was wrongfully enhanced under *Alleyne* because the Court calculated her

---

[2] Cruz has not indicated when she placed her Motion in the prison mailing system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255). Cruz appears to have signed the Motion on November 1, 2013, and it was filed here on November 12, 2013. Dkt. No. 1 at 1, 4. However, the exact filing date is immaterial because Cruz's Motion would be time-barred even if she had certified that she placed her Motion in the prison mailing system on November 1, 2013.

criminal history points without first having a jury determine her criminal history. *Id*. at 3.

> "If the record disclosed that at the time of the plea, neither the accused, nor her counsel, nor the district court correctly understood the essential elements of the crime with which she was charged, then the plea was invalid under the Federal Constitution." (See Bousley v. United States, 523 US 614 (1998)). In light of Alleyne, it is now clear that when she was told by her lawyer, the judge and prosecutor, that her requisite statutory predicates were not elements of the crime which she was charged, she received critically incorrect legal advices. Even though they may have relied on existing precedent, it does not mitigate the impact of erroneous advice. All of these are consequences for the petitioner that are unjust, unfair, and amounts to a miscarriage of justice.

*Id*. (errors in original).

The Government argues that Cruz's 2255 Motion is untimely and should be dismissed pursuant to 28 U.S.C. § 2255(f)(1). Dkt. No. 10 at 8-12. In brief, the Government states that *Alleyne* does not apply retroactively; therefore, it does not provide Cruz with a new statute of limitations date under § 2255(f)(3). *Id*. at 10-11. *See* 28 U.S.C. § 2255(f)(3)( providing that the one-year limitations period shall run from the latest of . . . "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

## 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

3

The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## Discussion

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

In this case, Cruz has not submitted any information invoking § 2255(f)(2)-(4).[4] Accordingly, § 2255(f)(1) applies to her 2255 Motion. Pursuant to § 2255(f)(1), Cruz's one-year limitations period began to run on the date her conviction became final. Where a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Pursuant to Rule 4(b)(1)(A)(1) of the Federal Rules of Appellate Procedure, Cruz had fourteen days from the entry of her final Judgment to file her notice of appeal. FED. R. APP. P. 4(b)(1)(A)(1).

Cruz's final Judgment was entered on December 18, 2007. CRDE 54 at 1. Counting from this date, Cruz's conviction became final on January 1, 2008 because she did not file a direct appeal. Her limitations period expired one year later on January 1, 2009. 28 U.S.C. § 2255(f)(1). Cruz's instant 2255 Motion is time-barred by more than four years and nine months because she did not file it until November of 2013. Dkt. No. 1 at 4.

This conclusion is not disturbed by the availability of statutory tolling, equitable tolling, or Cruz's reliance on *Alleyne v United States*. No basis for statutory tolling exists in this case because all of Cruz's relevant proceedings occurred here in federal court. Unlike the statutory tolling available for some state proceedings,[5] none of

---

[4] Cruz's reliance on *Alleyne v. United States* may be an implicit attempt to argue that her 2255 Motion is timely pursuant to § 2255(f)(3). But, as will be made clear below, she has alleged no facts indicating that § 2255(f)(3) applies to her case.

[5] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

Cruz's federal proceedings provide a statutory basis for tolling her limitations period. Equitable tolling is also unavailable because Cruz has not raised the issue of equitable tolling, or otherwise presented facts indicating that equitable tolling should apply.

Finally, Cruz's reliance on *Alleyne* does not provide Cruz with a new statute of limitations date under § 2255(f)(3). Section 2255(f)(3) provides that the one-year limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Alleyne* on June 17, 2013. *Alleyne*, 133 S.Ct. 2151. In brief, the Supreme Court held that "any fact that increases a defendant's mandatory minimum sentence must be submitted to the jury and proved beyond a reasonable doubt." *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (citing *Alleyne*, 133 S.Ct. 2151, at 2163). However, the Supreme Court did not hold that *Alleyne* applies retroactively on collateral review. *Id. See also United States v. Osuna*, Criminal Action No. 2:12-CR-33, 2014 WL 1794856, at *2 (S.D. Tex., May 6, 2014) (citing *In re Kemper*, 735 F. 3d 211, at 212, and *United States v. Cantu-Rivera*, Civil Action No. H-13-0797, 2013 WL 3873281, at *1 (S.D. Tex., July 24, 2013). It is also unlikely that *Alleyne* will ever be applied retroactively because *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Apprendi* is not retroactive on collateral review. *See Lewis v. Chandler*, Civil Action No. 4:14-CV-057-Y, 2014 WL 1494130, at *3 (N.D. Tex., April 16, 2014).

Accordingly, Cruz's reliance on *Alleyne* is misplaced and does not afford her a

---

limitation under this subsection.").

6

new limitations date. Her 2255 Motion is time-barred by more than four years and nine months and should be dismissed pursuant to § 2255(f).

## Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Cruz has not made a substantial showing of the denial of a constitutional right.

## Recommendation

The undersigned recommends that the Court grant the Government's Motion

(Dkt. No. 10), and dismiss Cruz's 2255 Motion (Dkt. No. 1) as time-barred pursuant to 28 U.S.C. § 2255(f).

## Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 13th day of May, 2014.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**